**In re Q.P.S., INC., Debtor.**

**Bankruptcy No. 89–21127–K.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

May 22, 1989.

William M. Gotten, Memphis, Tenn., for debtor.

Jimmy Croom, Office of the United States Trustee, Memphis, Tenn.

## MEMORANDUM RE DEBTOR'S "APPLICATION TO SELL PROPERTY UNDER § 363(b)"

DAVID S. KENNEDY, Chief Judge.

This core proceeding came on to be heard on May 22, 1989, upon the "Application To Sell Property Under § 363(b)"[1] filed by Q.P.S., Inc., the above-named debtor continued in possession ("Debtor").

The ultimate question presented here is whether under the existing circumstances a certain "professional person" employed, pursuant to 11 U.S.C. § 327(a), by the debtor, as debtor continued in possession,[2] may purchase property of and from the § 541(a) estate.

The relevant background facts are straight forward and undisputed and may be briefly summarized as follows. On February 10, 1989, the debtor filed an original petition under Chapter 11 of the Bankruptcy Code. The § 541(a) estate consists of, inter alia, a certain 1987 Dodge Custom Van.[3] On March 6, 1989, the debtor, as debtor in possession, filed an application pursuant to 11 U.S.C. § 327(a) to employ "Bennie W. Johnston dba One Way Bookkeeping Service" as its tax preparer and bookkeeper; and an order was entered on that date authorizing such employment. On April 27, 1989, the debtor filed the instant "Application To Sell Property Under § 363(b)" seeking an order authorizing the debtor to sell the subject 1987 Dodge Custom Van to the aforementioned professional person, Bennie W. Johnston, for the sum of $14,379.00.

By virtue of 11 U.S.C. § 1107(a),[4] a Chapter 11 debtor in possession is clothed with the same rights, powers, and duties as a reorganization trustee. The Historical and Revision Notes accompanying § 1107(a) provide as follows:

"This section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except the

---

1. Code § 363(b) provides as follows:
   "The *trustee*, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." (Emphasis added.)
   By virtue of Bankr. Rule 9001(10), "trustee" includes "debtor in possession" in a Chapter 11 case.

2. Code § 327(a) provides as follows:
   "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

3. Debtor's Schedule A–2 reflects in relevant part here that Chrysler Credit Corporation ("CCC") holds a security interest in a 1987 Custom Van; that the market value of the van is $16,500.00; and that $12,779.00 is owed to CCC.

4. Code § 1107(a) provides as follows:
   "(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

investigative duties). He is also subject to any limitations on a chapter 11 trustee, and to such other limitations and conditions as the court prescribes cf. *Wolf v. Weinstein*, 372 U.S. 633, 649–650 [83 S.Ct. 969, 979, 10 L.Ed.2d 33] (1963)."

A Chapter 11 trustee is indeed a fiduciary. *Wolf v. Weinstein*, supra; *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 355–56, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985). A Chapter 11 debtor in possession is also a fiduciary. A Chapter 11 trustee (or debtor in possession) may not deal on his or her behalf with property of the bankruptcy estate, nor permit his or her agents and/or employees to do so. See, e.g., *In re Lowry Graphics, Inc.*, 86 B.R. 74 (Bankr.Ct.S.D. Tex.1988). An agent and/or employee of a trustee is held to the same fiduciary standards as the trustee. *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). Regardless of whether the trustee or the trustee's agent and/or employee in fact profits from the transaction at the expense of the estate, neither a bankruptcy trustee nor his agents and/or employees may purchase properties of the estate, even for a *fair* price. *Mosser v. Darrow*, supra, 341 U.S. at 271–72, 71 S.Ct. at 682; *Donovan & Schuenke v. Sampsell*, 226 F.2d 804, 812 (9th Cir.1955); *In re Exennium*, 23 B.R. 782 (BAP 9th Cir.1982); *In re Lowry Graphics, Inc.*, infra.

In *Donovan & Schuenke v. Sampsell*, supra, a sale of real property of the debtor was made to an individual who had served as an officer of the debtor during bankruptcy, and then resigned before the sale. The Ninth Circuit set aside the sale, and stated:

"It is elementary that a fiduciary cannot deal or receive a transfer of the property which is the subject of the trust. It makes no difference whether the fiduciary be called an agent, custodian, trustee or officer. It makes no difference whether it can be proved that the fiduciary profited by the transaction. The principle is established by general law and does not depend upon the existence of a statute for enforcement...."

In *In re Exennium, Inc.*, supra, 23 B.R. at 787, the court, addressing public policy considerations, stated as follows:

"Even if there were full disclosure, adequacy of consideration, absence of secret profit, an open judicial sale will not avail separately or in combination as a defense for such a fiduciary. The prohibition is absolute in the public interest."

See also, *In re Frazin & Oppenheim*, 181 F. 307 (2nd Cir.1910).

This public policy is clearly expressed in 18 U.S.C. § 154,[5] which makes it a criminal misdemeanor for the trustee or *other officer of the court* to purchase, directly or indirectly, properties of the bankruptcy estate.

Under the existing circumstances, an appropriate order will be entered denying the debtor's instant application based solely and only on public policy considerations.

---

5. 18 U.S.C. § 154, styled "Adverse interest and conduct of officers," provides as follows:
"Whoever, being a custodian, trustee, marshal, or other officer of the court, knowingly purchases, directly or indirectly, any property of the estate of which he is such officer in a case under title 11; or
"Whoever being such officer, knowingly refuses to permit a reasonable opportunity for the inspection of the documents and accounts relating to the affairs of estates in his charge by parties in interest when directed by the court to do so—
"Shall be fined not more than $500, and shall forfeit his office, which shall thereupon become vacant."