**In the Matter of Michael T. RAHE and Tamara A. Rahe, Debtors.**

**Bankruptcy No. BK94–40401.**

United States Bankruptcy Court, D. Nebraska.

Feb. 9, 1995.

Richard J. Butler, Chapter 7 Trustee, Lincoln, NE.

Tad D. Eickman, Wilber, NE, for Trustee.

Jerald Kerl, Beatrice, NE, for debtors.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter comes before the court on the trustee's proposed sale of a 1985 Mazda 626 to Tad D. Eickman and his insurer, Union Insurance Company, Lincoln, Nebraska for $2,000.00 cash. (See Fil. # 29). Consummation of the proposed sale would constitute not only a severe breach of ethical rules governing attorney conduct, but would be criminal in nature. The proposed sale is not approved.

### FACTS

Mr. Eickman is currently employed as counsel for the Chapter 7 trustee in this bankruptcy case. (See Fils. # 10, # 11, and 13). In the Affidavit of Mr. Eickman which accompanied the Application for Appointment of Attorney For Trustee, Mr. Eickman states under oath that he is a disinterested person. (Fil. # 11). In the present matter, the trustee requests approval of a sale of bankruptcy estate property to Mr. Eickman, an employee of the trustee.

## DISCUSSION

█ Pursuant to 18 U.S.C. Section 154, it is a criminal act, punishable by forfeiture of office and a fine, for a trustee or other officer of the court to knowingly purchase property of the bankruptcy estate in a case in which they are involved. See 18 U.S.C. Section 154(1) (1995). Mr. Eickman, as attorney for trustee, is an officer of the court, and therefore he is prohibited from purchasing property from the bankruptcy estate in a case in which he is involved, such as the present case. As a result, the proposed sale is criminal in nature.

█ In addition, the proposed sale would violate the ethical rules of attorney conduct. Canon 5 of the Model Code of Professional Responsibility provides that: "A lawyer should exercise independent professional judgment on behalf of a client." MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canon 5 (1994). The independence of professional judgment is disrupted when an attorney for a trustee acquires an interest in property of the bankruptcy estate. It has long been established that a trustee may not purchase property of the trust estate. See *In re Frazin & Oppenheim*, 181 F. 307, 309 (2nd Cir.1910). This ethical prohibition extends to agents and employees of the trustee. *Id.; In re Q.P.S., Inc.*, 99 B.R. 843, 845 (Bankr.W.D.Tenn. 1989). As stated by the court in *In re Q.P.S., Inc.*:

> "Regardless of whether the trustee or the trustee's agent and/or employee in fact profits from the transaction at the expense of the estate, neither a bankruptcy trustee nor his agents and/or employees may purchase properties of the estate, even for a *fair* price."

*In re Q.P.S., Inc.*, 99 B.R. at 845 (citations omitted). Accordingly, attorneys, accountants, appraisers, and other agents or employees of bankruptcy trustees may not purchase property of the bankruptcy estate.

Finally, I conclude that approving the proposed sale would undermine the integrity of the bankruptcy system. As stated by the court in *In re Frazin & Oppenheim*:

> [N]o consideration of public policy is deeper grounded upon fundamental principles—upon principles which reach the very foundations of judicial authority—than that courts and court officers must be disinterested in the management of estates committed to their charge. It cannot be permitted that officers appointed by courts to perform duties regarding property in custody of the law should speculate therein. It cannot be permitted that court officials should use their official positions for personal profit. The question is not one of fraud or good faith, of gain or loss to the estate, in a particular instance. The rule goes far deeper than that. It is applicable in every case in order to secure and maintain the impartial administration of justice. Upon no courts is the obligation to enforce these principles of public policy greater than upon the courts of bankruptcy.... The one thing ... which creditors and bankrupt alike have the right to expect ... is disinterestedness....

*In re Frazin & Oppenheim*, 181 F. at 310.

█ These ethical limitations are given statutory status under 11 U.S.C. Section 327(a) which permits a trustee to retain only professional persons who "... do not hold or represent an interest adverse to the estate and that are disinterested...." 11 U.S.C. Section 327(a) (1995). This disinterestedness must be maintained throughout the course of the case to preserve impartiality in the administration of the bankruptcy estate.

Based on the above reasons, I hold, as a matter of law, that the proposed sale to Mr. Eickman shall not be allowed. Mr. Eickman and the trustee are admonished to take heed of the applicable criminal, ethical and statutory restrictions on sale of property of the bankruptcy estate. In so stating, I, of course, acknowledge that the trustee fully disclosed the proposed sale to the court and sought court approval.

IT IS THEREFORE ORDERED, that the proposed sale of a 1985 Mazda 626 to Mr. Tad D. Eickman and his insurer, Union Insurance Company, for $2,000.00 cash is hereby disallowed. Mr. Eickman is prohibited from purchasing any property of the bankruptcy estate.